UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:18-cr-23 |
| v. | ) | |
| | ) | Judge Collier |
| RONALD SHANE CAMPBELL | ) | |

**MEMORANDUM**

Before the Court is a motion by Defendant, Ronald Shane Campbell, to dismiss the indictment in this matter. (Doc. 15.) The United States of America (the "Government") has responded (Doc. 25), and Defendant has replied (Doc. 32). For the reasons below, the Court will **DENY** Defendant's motion to dismiss the indictment.[1] (Doc. 15.)

I. **BACKGROUND**

On July 24, 2018, Defendant Ronald Shane Campbell was federally charged in a one-count indictment with possession of a firearm by a person who had previously been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). In discovery, the Government provided Defendant with documentation regarding two prior convictions for domestic assault from Bedford County, Tennessee. Defendant had pleaded guilty to both charges of domestic assault on the same day, July 13, 2011.

---

[1]While a superseding indictment has since been filed (Doc. 23), authority suggests the original indictment still remains pending. *See United States v. Obi*, 85 F. App'x 440, 444 (6th Cir. 2003) (finding defendant subject to prosecution on original indictment even though a superseding indictment had been filed and later dismissed) (quoting *United States v. Cerilli*, 558 F.2d 697, 700 n.3 (3d Cir. 1977) ("return of a superseding indictment means simply that there are then two pending indictments against defendants and prosecution may select one of them with which to proceed")). Thus, the Court finds it inappropriate to vacate Defendant's motion as moot without addressing its merits, and construes the motion as addressing the superseding indictment to the extent each indictment contains the charge at issue.

On October 17, 2018, Defendant moved to dismiss the federal indictment, arguing under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) that the indictment failed to state an offense. (Doc. 15.) While Defendant's motion to dismiss the indictment was pending, the Government filed a two-count superseding indictment (Doc. 23), which charges the same offense under 18 U.S.C. § 922(g)(9) in Count 1, as well as the offense of possession of a firearm by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3) in Count 2.

Defendant contends that his Tennessee convictions for domestic violence do not qualify as "misdemeanor crimes of domestic violence" under § 922(g)(9). The Government responds that Tennessee's domestic assault statute is divisible, and that a Tennessee "Affidavit of Complaint" demonstrates that Defendant was convicted under a prong of the Tennessee statute which does qualify as a "misdemeanor crime of domestic violence" under § 922(g)(9). One of the central issues presented by Defendant's motion is whether a Tennessee affidavit of complaint is sufficient to qualify as a source of information this Court may consider under *Shepard v. United States*, 544 U.S. 13 (2005), when determining whether a state offense satisfies the federal definition for a "misdemeanor crime of domestic violence."

Before turning to the merits of that dispute, however, the Court must examine whether it is appropriate for the Court to inquire into factual issues regarding predicate offenses when deciding a motion to dismiss an indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Criminal Procedure 12 states that a defendant may move before trial to dismiss an indictment that "fail[s] to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).

"[A]n indictment sufficiently states an offense if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Where the indictment "clearly track[s] the language of the statute," it sufficiently "contain[s] the elements of the offense." *Id.* Where the charging language includes "the relevant time period and the specific event that triggered the charge," the defendant will "accordingly be able to adequately plead an acquittal or conviction in bar of any future prosecutions arising from the same offense." *Id.*

A Rule 12(b)(3)(B)(v) motion is appropriate only "when it raises questions of law rather than fact." *United States v. Ali*, 557 F.3d 71, 719 (6th Cir. 2009). "[A] court cannot consider a factual challenge to an indictment purporting to show a defect consisting solely of insufficient evidence to prove a particular charge." *United States v. Hann*, 574 F. Supp. 2d 827, 830 (M.D. Tenn. 2008) (citation omitted). Accordingly, an indictment that is valid on its face may not be dismissed on the ground that it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992). This principle is important because courts are not permitted to "invade the province of the ultimate finder of fact." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992).

A proposed defense may be resolved on a Rule 12 motion only "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Levin*, 973 F.2d at 470 (6th Cir. 1992) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). Defenses generally appropriate for consideration include such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity,

and lack of jurisdiction." *United States v. Jones*, No. 1:05-CR-132, 2006 WL 399234, at *1 (E.D. Tenn. Feb. 16, 2006), *aff'd*, 253 F. App'x 550 (6th Cir. 2007). Courts can also review arguments made by defendants on a Rule 12 motion when the facts regarding them are undisputed. *See United States v. Vertz*, 40 F. App'x 69, 70 (6th Cir. 2002). In that instance, "the Court is reviewing a question of law, not fact." *Id.*

III. **ANALYSIS**

Defendant does not seriously contest the facial sufficiency of the indictment in this matter. In all, Count 1 reads, "The Grand Jury charges that on or about September 30, 2017, in the Eastern District of Tennessee, the defendant, RONALD SHANE CAMPBELL, who had previously been convicted of a misdemeanor crime of domestic violence, did knowingly possess in and affecting commerce, a firearm; in violation of Title 18, United States Code, Section 922(g)(9)." (Doc. 1.)

First, this language contains the elements of the offense charged because it "clearly track[s] the language of the statute." *Anderson*, 605 F.3d at 411. Section 922(g)(9) of Title 18 makes it "unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess in or affecting commerce, any firearm[.]" 18 U.S.C. § 922(g)(9). Because each element is included, the Defendant is fairly informed of the charge against which he must defend.

Second, this language enables Defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Anderson*, 605 F.3d at 411. While few details are given regarding the instance of the specific offense, the charging language includes a specific date of on or about September 30, 2017. *United States v. Chichy*, 1 F.3d 1501, 1504 n.3 (6th Cir. 1993) ("An indictment as drafted is presumed sufficient if it tracks the statutory language, cites the elements

4

of the crimes charged, and provides approximate dates and times."), *superseded on other grounds as recognized by United States v. Smith*, 196 F.3d 676, 681 (6th Cir. 1999). Taken together, the indictment states an offense and should not be dismissed under Rule 12(b)(3)(B)(v).

Rather than challenging the indictment itself, Defendant argues he cannot be found guilty under 18 U.S.C. § 922(g)(9) because the Government cannot prove an element of that statute. He argues that the element of having been "convicted in any court of a misdemeanor crime of domestic violence" cannot be proved by the Government because his prior convictions for domestic violence do not qualify as predicate offenses under § 922(g)(9). "The indictment," however, "need only set forth elements that, *if proven*, constitute a violation of the relevant statute." *Anderson*, 605 F.3d at 412 (emphasis added).

For the Court to evaluate Defendant's argument, it must wade into mixed questions of fact and law, the resolution of which is improper at this procedural phase of the case. *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982) ("the prosecution's evidence is tested at trial, not in a preliminary proceeding"). Any specifics concerning Defendant's prior convictions must be proved by documents appropriate for consideration under *Shepard*. 544 U.S. at 16 (allowing consideration of the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"). While the Court has been presented with a few documents which arguably constitute *Shepard* material, the Government has not stipulated that it has presented to the Court all of the information it has concerning Defendant's prior convictions. As such, the Court is not assured that it has before it all relevant and undisputed factual material regarding this element. *Compare Vertz*, 40 F. App'x at 70 ("The parties in this case agree on all of the relevant facts and have submitted a joint appendix which contains all of the facts . . . The only question presented in the Motion to Dismiss was whether those facts

establish a violation of 18 U.S.C. § 922 as a matter of law"). As a procedural matter, Defendant's invitation to draw conclusions about what the Government's proof must be at this point in time is premature.

The Government has no obligation to present all of its intended evidence for pretrial evaluation by the Court or Defendant. "To the extent that Defendant's motion is a request for this Court to hold a pretrial test of the Government's evidence," the Court declines to do so. *Jones*, 2006 WL 399234, at *4 (denying Rule 12 motion due to need to find facts regarding § 922(g)(1) predicate conviction). And as a matter of public policy, "criminal cases generally should not be attenuated by preliminary or 'mini'-trials concerning . . . the competency of the evidence." *Craft*, 105 F.3d at 1127. At this point, the Court will not dismiss the indictment under Rule 12(b)(3)(B)(v) based on a conclusion that the Government *cannot* prove that Defendant has sustained a conviction for a "misdemeanor crime of domestic violence." The Court simply does not have a sufficient basis from which to draw such a conclusion.

The Court acknowledges that some district courts have decided issues regarding the adequacy of a defendant's predicate offense under § 922(g)(9) by means of Rule 12(b)(3)(B)(v). *See, e.g.*, *United States v. Daniels*, 316 F. Supp. 3d 949, 956-57 (N.D. Tex. 2018); *United States v. Castleman*, No. 208CR20420JPMCGC, 2010 WL 11519878, at *2 (W.D. Tenn. Apr. 30, 2010). In each of those cases, the district court acknowledged that it was only to resolve matters of law. Regardless, each opinion failed to further explore whether any factual disputes among the parties may have remained. As far as the Court knows, the parties may have stipulated that all factual proof had already been presented and was undisputed at that point in time. And in *Daniels*, the parties did not dispute that the motion to dismiss only presented a question of law. 316 F. Supp. 3d at 953. Regardless, the Court disagrees with those opinions to the extent that they failed to

fully analyze whether any factual disputes may have remained while making a decision on whether to dismiss an indictment under Rule 12(b)(3)(B)(v).

The Government argues that the Court should deny Defendant's motion to dismiss the indictment for a different reason: the Government believes it already has presented sufficient evidence demonstrating that it *can* prove that Defendant has sustained a predicate conviction under § 922(g)(9).

The Government's argument follows this chain of reasoning: first, an "Affidavit of Complaint" in this case demonstrates that Defendant struck "his girlfriend . . . with an open hand about the left side of the face, causing a red mark"; second, this constitutes physical force, indicating Defendant pleaded guilty to a variant of domestic assault which has as an element "the use or attempted use of physical force, or the threatened use of a deadly weapon," as required by federal law in 18 U.S.C. § 921(a)(33)(A); and third and finally, Defendant must have committed a predicate offense for the federal crime of possession of a firearm by a person who had previously been convicted of a misdemeanor crime of violence under § 922(g)(9). (Doc. 25 at 3-5.)

The problem with the Government's argument, however, is its initial premise that an affidavit of complaint is an adequate *Shepard* document. In deciding whether a defendant's conviction is sufficient to qualify as a predicate offense under § 922(g)(9), the Court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). *Shepard* restricted the list of materials a court may consider "with a focus on what [a] defendant 'necessarily' admitted in pleading guilty." *United States v. King*, 853 F.3d 267, 276-77 (6th Cir. 2017). The Supreme Court found that restriction important due to the constitutional premise that only a jury, and not a judge,

7

may find facts that increase a defendant's penalty. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Mathis v. United States*, 136 S. Ct. 2243, 2246 (2016).

The Government argues that an affidavit of complaint is most akin to a "charging document," which *Shepard* designates as an appropriate source of information. *Shepard*, 544 U.S. at 16. The Government also states that an affidavit of complaint forms an "integral part" of an arrest warrant, which is the official charging document, and which can be considered under *Shepard*. The Court disagrees.

Under the Tennessee Rules of Criminal Procedure, an affidavit of complaint "is a statement alleging that a person has committed an offense." Tenn. R. Crim. P. 3. It must be in writing, made under oath before a magistrate, and allege the essential facts constituting the offense charged. *Id.* A sufficient affidavit of complaint may support the issuance of an arrest warrant. *State v. McCloud*, 310 S.W.3d 851, 860 (Tenn. Crim. App. 2009). A prosecution is commenced by the issuing of an arrest warrant, among five other specific ways,[2] but it is not commenced by the initial procedural hurdle of presenting an adequate affidavit of complaint. Tenn. Code Ann. § 40-2-104; *McCloud*, 310 S.W.3d at 860 ("[t]he plain language of Code section 40–2–104 provides five specific ways by which a prosecution may be commenced, and an affidavit of complaint is not listed among the alternatives"). In addition, "Tennessee case law holds that the affidavit of complaint alone is not a 'charging instrument.'" *United States v. Daniels*, 316 F. Supp.

---

[2]"A prosecution is commenced . . . by finding an indictment or presentment, the issuing of a warrant, the issuing of a juvenile petition alleging a delinquent act, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense. A prosecution is also commenced, within the meaning of this chapter, by finding an indictment or presentment or the issuing of a warrant identifying the offender by a deoxyribonucleic acid (DNA) profile." Tenn. Code Ann. § 40-2-104.

3d 949, 956-57 (N.D. Tex. 2018) (considering several cases from Tennessee state courts). As such, it is not accurate to refer to a Tennessee affidavit of complaint as a "charging document" appropriate for the Court to consider under *Shepard*.

The United States Court of Appeals for the Sixth Circuit has concluded that Tennessee affidavits of complaint cannot be relied on as *Shepard* material. *United States v. Medina-Almaguer*, 559 F.3d 420, 423 (6th Cir. 2009) (finding a preliminary examination could not be considered *Shepard* material because it was "[m]uch like a police report or a complaint application—upon which sentencing courts may not rely in determining the nature of a prior conviction"); *United States v. Moore*, 578 F. App'x 550, 553 (6th Cir. 2014) ("the affidavits of complaint are not appropriate *Shepard* documents"); *United States v. Evans*, 378 F. App'x 485, 490-91 (6th Cir. 2010) ("*Wynn* and *Bartee* make clear that an affidavit in support of a criminal complaint is not a *Shepard*-acceptable document"); *United States v. Cole*, 329 F. App'x 613, 614 (6th Cir. 2009) ("sentencing courts may not consider documents such as police reports, recommendations prepared by a probation officer, or complaint applications"); *see also United States v. Carr*, 659 F. Supp. 2d 962, 965 (E.D. Tenn. 2009) ("The court may not consider police reports, complaint applications, or other similar documents").[3]

Even this Court has previously considered the issue, observing that,

---

[3] In one case, the Court of Appeals determined that affidavits of complaint *could* be used to determine whether several state robbery convictions constituted a single criminal episode. *United States v. Jones*, 453 F.3d 777, 780-81 (6th Cir. 2006). Later cases, however, clarified that the holding in *Jones* is restricted: affidavits of complaint can be considered *only* for determining whether prior convictions were a single criminal episode. *United States v. Medina-Almaguer*, 559 F.3d 420, 424 (6th Cir. 2009) ("As we have since explained, *Jones* held that sentencing courts may rely on affidavits of complaint 'only' for 'the limited inquiry of whether prior offenses constitute a single criminal episode or multiple episodes" (quoting *United States v. Wells,* 473 F.3d 640, 647 n.5 (6th Cir. 2007))). *Jones* does "not address whether a sentencing court may rely on an affidavit of complaint to determine what kind of conduct a defendant necessarily admitted in pleading guilty." *Id.*

9

> A court may not rely upon an affidavit of complaint to determine the nature of the predicate offense. An affidavit of complaint is used prior to a formal indictment to determine whether probable cause exists to believe a defendant has committed a crime and does not show whether a defendant "necessarily admitted" the elements of a predicate offense.

*United States v. Sullivan*, No. 1:05-CR-74, 2010 WL 3057749, at *5 (E.D. Tenn. Aug. 2, 2010).

The Government otherwise cites no authority in support of its contention that the Court can consider the affidavit of complaint as a valid *Shepard* document. Moreover, the Government cites no authority for its contention that the Court may rely on documents which form an "integral part" of other charging instruments. The proper test is not whether a document is "integral" to a *Shepard* document; it is whether the defendant necessarily admitted to the facts contained within it when pleading guilty. *King*, 853 F.3d at 276. Indeed, in so arguing, the Government appears to be rehashing points made, and rejected, by the Supreme Court in *Shepard* itself. *Shepard*, 544 U.S. at 21-23 (rejecting argument that documents submitted prior to charges, including police report, could be considered because the defendant's plea must have necessarily relied on the facts in the document at issue).

At this point in the case, there is no proof Defendant necessarily admitted to facts alleged by the officer in the Tennessee affidavit of complaint. The purpose of the affidavit of complaint was to support probable cause for Defendant's arrest. Defendant could have pleaded guilty to the charges stated in the Tennessee warrants (Doc. 15-1) without requesting or reviewing the affidavit of complaint. And unless the Government can ultimately demonstrate whether Defendant necessarily admitted to the facts stated in the affidavit of complaint, that document is not appropriate for this Court to consider under *Shepard*. *United States v. Daniels*, 316 F. Supp. 3d 949, 956 (N.D. Tex. 2018) (finding Tennessee affidavit of complaint could not be considered by court in order to establish the particular prong of § 39-13-101 underlying conviction for domestic

assault). Whether the Government can ultimately establish that Defendant necessarily admitted to facts contained in the affidavit of complaint remains to be seen.

The Court also agrees with Defendant that Tenn. Code Ann. § 39-13-101(a)(2) potentially covers activities which are broader than those provided in the federal definition of "misdemeanor crime of domestic violence" at 18 U.S.C. § 921(a)(33)(A). Federal law requires a predicate offense under § 922(g)(9) to have "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." 18 U.S.C. § 921(a)(33)(A). Under the Tennessee domestic violence statute, which incorporates a provision defining assault more generally, a person could be convicted of domestic violence for "intentionally or knowingly causing another to reasonably fear imminent bodily injury." Tenn. Code Ann. § 39-13-101(a)(2). But a defendant could cause another to reasonably fear imminent bodily injury without "the use or attempted use of physical force or the threatened use of a deadly weapon," as required by the federal definition. *Daniels*, 316 F. Supp. 3d at 960-61 (identifying three state cases establishing a realistic probability that Tennessee would apply § 39-13-101(a)(2) to conduct that falls outside the federal definition of the predicate offense). As a result, if the Court were to rely on factual documents presented thus far, the Court could not be certain that either of Defendant's convictions under § 39-13-101 necessarily involved the "use or attempted use of physical force, or the threatened use of a deadly weapon."[4] That element, however, is required by federal law in order for a conviction to qualify as a predicate offense under § 922(g)(9).

---

[4]The proffered "Judgements of Conviction" also do not help the Court determine to which subsection of § 39-13-111 Defendant may have pleaded guilty. (Doc. 15-1.) Notably, each document only states that Defendant was arrested under the entire Tennessee domestic assault statute without providing further detail. (*See id.*) No other information on the documents appears to indicate a particular subsection of the Tennessee assault statute at § 39-13-101 to which Defendant pleaded guilty.

Regardless of this analysis, however, there may be other factual proof concerning Defendant's predicate convictions, as discussed above.

III. **CONCLUSION**

The Court will not dismiss the indictment under Rule 12(b)(3)(B)(v) because the Court cannot conclude as a matter of law at this point in the proceedings that the Government cannot prove Defendant has sustained a conviction for a "misdemeanor crime of domestic violence." Accordingly, the Court will **DENY** Defendant's motion to dismiss the indictment (Doc. 15).

**An Order Will Enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**