UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:18-cr-23 |
| v. ) | |
| ) | Judge Collier |
| RONALD SHANE CAMPBELL ) | |

**M E M O R A N D U M**

On November 15, 2019, Defendant Ronald Campbell filed a motion to dismiss the Second Superseding Indictment in this case. (Doc. 52.) The United States ("the Government") has filed a response in opposition (Doc. 55), and the time to file a reply has expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons outlined below, the Court will deny Defendant's motion.

**I.     BACKGROUND**

On July 24, 2018, Defendant was indicted for possessing a firearm after previously being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). (Doc. 1.) A Superseding Indictment was filed on November 27, 2018, which added a second count charging Defendant with possession of a firearm while an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3). (Doc. 23.) A Second Superseding Indictment was filed on July 23, 2019 (Doc. 42), which Defendant now challenges. The Second Superseding Indictment charges Defendant only with knowing possession of a firearm while he was an unlawful user of controlled substances. (*Id.*)

Defendant seeks dismissal of the Second Superseding Indictment on three separate grounds. (Doc. 52.) First, Defendant argues 18 U.S.C. § 922(g)(3) is unconstitutionally vague on its face. (*Id.*) Second, Defendant contends the statute is unconstitutional because it criminalizes

the "status" of being a drug user or addict. (*Id.*) Finally, Defendant asserts the law violates the Second Amendment based on *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). (*Id.*)

The Government has filed a response in opposition. (Doc. 55.) The Government argues Defendant has not established that the statute is unconstitutionally vague as applied to him and contends the vagueness challenge is better addressed at the close of the Government's evidence. (*Id.*) Accordingly, the Government urges the Court to deny Defendant's motion. (*Id.*)

## II. DISCUSSION

### A. Void for Vagueness Challenge

"No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This guarantee of due process is violated when "a criminal law [is] so vague that it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). Fair notice is provided when a law "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). A law invites arbitrary enforcement "if it 'leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case' . . . or permits them to prescribe the sentences or sentencing range available." *Beckles v. United States*, 137 S. Ct. 886, 894–95 (2017) (quoting *Giaccio v. Pennsylvania*, 382 U.S. 399, 402–03 (1966)). There is a "strong presumptive validity that attaches to an Act of Congress[.]" *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963).

Here, Defendant raises a facial vagueness challenge against 18 U.S.C. § 922(g)(3), which makes it "unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to . . .

possess in or affecting commerce, any firearm or ammunition[.]" Defendant contends the statute is facially void for vagueness because it fails to define "unlawful user" and the definition for "addict" is vague. (Doc. 52.) As a result, Defendant asserts "[a] person of ordinary intelligence would be unable to determine what conduct falls within these categories, even as they have been construed and limited by judicial opinions." (*Id.* at 3.) Further, Defendant contends the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), "which requires that the defendant know he qualifies under the technical definitions of 'unlawful user' or 'addict' further highlights the vagueness of this statute." (*Id.*) Thus, Defendant asserts the Court should dismiss the indictment. (*Id.*)

In response, the Government asserts Defendant does not have standing to challenge the statute as facially unconstitutional because the statute clearly covers "an individual who was a repeated and regular user of marijuana during the same time period that he possessed a firearm, as the United States submits the evidence will show in the instant case." (Doc. 55 at 2.) The Government also notes that outside the First Amendment context, a defendant must demonstrate a statute is vague as applied to his or her particular case. (*Id.*) Because this approach requires analysis of the actual facts, the Government contends the vagueness challenge is better addressed at the close of its evidence at trial. (*Id.*)

The Government also urges the Court to follow the numerous circuit court decisions upholding the constitutionality of § 922(g)(3) in as-applied vagueness challenges. (*Id.*) Finally, the Government contends that *Rehaif* further insulates § 922(g)(3) from a vagueness challenge "because a defendant's earnest misapprehension about whether he possesses the requisite status would prevent the government from proving the knowledge-of-status element." (*Id.* at 6.)

Because Defendant has been charged as an "unlawful user" of controlled substances, the Court will only consider Defendant's challenge to that portion of the statute.

Typically, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001) (quoting *United States v. Powell*, 423 U.S. 87, 92 (1975)); *see also United States v. Kernell*, 667 F.3d 746, 750 (6th Cir. 2012) ("For challenges to the statute that do not implicate First Amendment concerns, the defendant bears the burden of establishing that the statute is vague as applied to his particular case, not merely that the statute could be construed as vague in some hypothetical situation.") (internal quotations and citation omitted).

Defendant contends the Supreme Court's decision in *Johnson*, 135 S. Ct. 2551, clarified that courts may find a statute vague on its face without considering the actual facts, even if the statute does not involve First Amendment freedoms. (Doc. 52 at 5, n.2.) However, *Johnson* dealt with a different statute and unique set of circumstances.

In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act. 135 S. Ct. at 2556. The Supreme Court had previously required courts applying the residual clause to engage in a "categorical approach," in which the courts imagined an "ordinary case" rather than considering the actual facts. *Id.* at 2557. As a result, the residual clause was being applied in "a judge-imagined abstraction," using an imprecise "serious potential risk" standard. *Id.* at 2558. In contrast, § 922(g)(3) requires an analysis of actual facts, thereby avoiding the dangers of the "categorical approach" outlined in *Johnson*.

In addition, the Supreme Court noted in *Johnson* that despite efforts to establish a workable standard for nine years, there remained a "black hole of confusion" in residual-clause cases. *Id.* Section 922(g)(3) does not suffer from this problem, as evidenced by the uniform application of

the statute. *See United States v. Yancy*, 621 F.3d 681, 687 (7th Cir. 2010) ("Every circuit to have considered the question has demanded that the habitual use be contemporaneous with the gun possession.").

Considering these distinctions, the Court will follow the long-standing tradition of examining statutes that do not implicate the First Amendment "in the light of the facts of the case at hand." *Krumrei*, 258 F.3d at 537. However, at this stage in the proceedings, there are no facts for the Court to evaluate beyond what is alleged in the Second Superseding Indictment. As a result, the Court is unable to determine whether the statute is vague as applied to the facts of Defendant's particular case and thus will deny Defendant's motion to dismiss on vagueness grounds.

**B.     Eighth Amendment Challenge**

Defendant also claims there is a potential constitutional challenge pursuant to *Robinson v. California*, 370 U.S. 660 (1962). (Doc. 52.) Defendant argues the Supreme Court in *Robinson* struck down a statute that criminalized the "status" of being a drug user and contends § 922(g)(3) similarly criminalizes the "status" of being a drug user. (*Id.*)

In *Robinson*, the Supreme Court struck down a statute that made it illegal "to 'be addicted to the use of narcotics.'" 370 U.S. at 660. The Supreme Court explained the statute was "not one which punishes a person for the use of narcotics, for their purchase, sale or possession, or for antisocial or disorderly behavior resulting from their administration." *Id.* at 666. Rather, the statute made "the 'status' of narcotic addiction a criminal offense[.]" *Id.* As a result, the Court held the law violated the Eighth and Fourteenth Amendments. *Id.*

In contrast, Defendant was charged with possession of a firearm while an unlawful drug user under 18 U.S.C. § 922(g)(3). "Section 922(g)(3) does not criminalize the status of being an

5

unlawful user or addict, but rather, the act of possessing a firearm while being an unlawful user or addict." *See United States v. Burchard*, 580 F.3d 341, 348 (6th Cir. 2009). Thus, the statute criminalizes the specific conduct of possession of a firearm and use of illicit drugs, rather than criminalizing the "status" of being a drug user. Because § 922(g)(3) does not make the "status" of being a drug user a crime, there are no Eighth Amendment concerns under *Robinson*. Accordingly, this portion of Defendant's motion will also be denied.

## C. Second Amendment Challenge under *Heller*

The Second Amendment states: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The core right under the Second Amendment is "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635. The right to keep and bear arms, however, "is not unlimited." *Id.* at 626.

The Sixth Circuit Court of Appeals has adopted a two-pronged test to evaluate Second Amendment challenges post-*Heller*. *See United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012). First, a court must determine whether the statute "burdens conduct that falls within the scope of the Second Amendment right as historically understood." *Id.* at 518. If there is no such burden, "then the analysis can stop there; the regulated activity is categorically unprotected, and the law is not subject to further Second Amendment review." *Id.* (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 701–03 (7th Cir. 2011)).

Here, Defendant claims the statute is unconstitutional because it "prevents anyone with the 'status' of illegal drug user – whether actively engaged in illegal conduct or not – from possessing a gun[.]" (Doc. 52 at 12.) However, as discussed above, the statute prohibits possession of a firearm by individuals contemporaneously engaged in illegal conduct, namely consumption of

illegal substances. *See Burchard*, 580 F.3d at 348. An individual engaged in illegal conduct is not a law-abiding citizen protected under the core right recognized by the Second Amendment. *See Heller*, 554 U.S. at 635. Thus, § 922(g)(3) does not burden conduct that falls within the Second Amendment as it has been historically recognized, meaning the regulated activity is "categorically unprotected." *See Greeno*, 679 F.3d at 520. Accordingly, the Court will deny Defendant's Second Amendment challenge under *Heller*.

## III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's motion to dismiss the Second Superseding Indictment (Doc. 52).

**An appropriate order will enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**